# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AWA CATHERINE NUKUNA | : |
| | : |
| v. | : Civil No. JKS 10-3600 |
| | : |
| SUPERVALU RETAIL COMPANIES | : |
| | : |

## MEMORANDUM OPINION

Plaintiff Awa Catherine Nukuna originally filed this action in the Circuit Court for Prince George's County alleging negligence on the part of Defendant Supervalu Retail Companies (Shoppers). ECF No. 2. Shoppers removed the action to the United States District Court for the District of Maryland. ECF No. 1. Pursuant to the consent of the parties, the case was referred to me for all further proceedings. ECF No. 11. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Shoppers' motion for summary judgment, ECF No. 14, will be granted.

**I.     Background.**

The following facts are either undisputed or construed in the light most favorable to Nukuna. On December 31, 2006, Nukuna entered the Shoppers store with her nephew, Jefferson Mbenga, to purchase a disposable camera for her birthday party. ECF No. 14, Nukuna Deposition at 16. After selecting the camera and some groceries, she went to the cashier area to pay for her items. *Id.* While on the way to the cashier area she slipped and fell on water that she believes came from a nearby ice dispenser. *Id.* at 21-23. Nukuna does know how the water and an ice cube came to be on the floor or how long it was on the floor. *Id.* at 22-24. Nukuna's nephew, Jefferson Mbenga also similarly saw an ice cube and water on the floor but does not

know where it came from or how long it was on the floor. ECF No. 14, Mbenga Deposition at 12.

## II.     Standard of Review.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

2

**III.    Discussion.**

Nukuna has not filed an opposition to Shoppers' motion for summary judgment. The court will view the facts in the light most favorable to her and evaluate those facts in light of well established law.

The Court of Appeals of Maryland[1] has adopted the rule in the Restatement (Second) of Torts § 343 (1965) for the general duty a private landowner owes to its invitees. *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003); *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 117 (1955). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees;
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Thus, a shopkeeper must exercise ordinary care to keep the premises in a reasonably safe condition, and is liable for injuries sustained by a customer in consequence of the failure to do so. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 231-32 (1965). "However, the proprietor of a store is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118. "To recover in an action for damages, the plaintiff must show that the defendant was guilty

---

[1] Maryland substantive law applies in this diversity action.

3

of negligence which produced the particular injury alleged." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118-19.

The burden is on the plaintiff "to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 119. There is no evidence of actual knowledge, and to establish constructive knowledge, the plaintiff must show how long the dangerous condition has existed. *Joseph v. Bozzuto Mgmt Co.*, 173 Md. App. 305, 316 (2007) (citing *Maans v. Giant*, 161 Md. App. 620, 632 (2005)). This rule, known as "time on the floor" evidence, is relevant as to notice to the storekeeper, as well as the issue of what care was exercised. *Bozzuto*, 173 Md. App. at 317 (quoting *Maans*, 161 Md. App. at 639-40).

Here, there is no evidence showing how long the water or ice was on the floor, although the presence of ice would indicate that it was quite recent. As in *Moulden*, the substance in which Ms. Nukuna fell could have been spilled by a customer only moments before, and thus before a Shoppers' employee could have reasonably been expected to discover it. The evidence presented by Ms. Nukuna is accordingly insufficient to establish that Shoppers had constructive notice of the condition.

IV.     **Conclusion.**

There is no evidence upon which a reasonable jury could find that Shoppers caused or knew of the spill, or negligently failed to discover it. Accordingly, Shoppers' motion for summary judgment will be granted. A separate order will be entered.


July 22, 2011                                                          /S/
   Date                                                      JILLYN K. SCHULZE
                                                         United States Magistrate Judge